## THE MENOMINEE.

(District Court, S. D. New York. March 28, 1900.)

SHIPPING—LIABILITY OF SHIP FOR INJURY TO STEVEDORE—NEGLIGENCE.

A ship cannot be held liable for an injury to a stevedore resulting from the breaking of a rope constituting part of the tackle furnished by the ship for the use of the stevedores, where the tackle and rope were in good condition when furnished, and the breaking of the rope was caused by a piece of ratline becoming wound around it, and preventing its passing through a fall, and the evidence fails to show, either directly or presumptively, that this occurred through any negligence or fault of the ship.

In Admiralty. Suit in rem for personal injuries to a stevedore.

Avery F. Cushman, for libelant.
Convers & Kirlin, for respondent.

BROWN, District Judge. The libelant was one of the stevedore's gang preparing to discharge the steamship Menominee. While clearing the end of one derrick boom, the end of another derrick boom, very near, which had been raised a number of feet by other men, in the same employment, fell upon him and caused him considerable suffering and injury. That boom fell in consequence of the parting of the Manilla rope by which it was being hoisted. The parting of the rope was at a block about 55 feet above the deck through which the boom was being raised by a line running through other falls, making in all five parts, and thence attached to the winch by which the boom was raised. The evidence leaves no doubt that the rope was cut in the upper fall in consequence of becoming jammed by a piece of ratline some 5, 10 or 15 feet long, which had in some way become wound around the Manilla rope and carried up with it into the fall, so that the rope could not pass through, but broke off a part of the block and crowded the Manilla rope upon the edge of the sheave and the iron lining of the block, where it was cut by the strain from the winch. The libelant charges that the ship should be held responsible for the attachment of the ratline to the Manilla rope, as constituting an imperfect equipment and deficient appliance supplied to the stevedore.

I cannot sustain the libelant's contention upon the facts as they appear in evidence. The rope, falls and blocks were all in good order and condition. How the ratline got around the Manilla rope is wholly unexplained. It was not part of the appliance itself, but wholly independent of it. Ratlines are sometimes tied to the ropes for some temporary purpose. But this ratline was not tied to the rope, but swung around it enough to carry it up with the rope as it ascended. From this fact it would seem more probable that it resulted from some careless throwing of the ratline than from any intentional attachment; or it might have been picked up from the deck by the Manilla rope in passing through the lower falls.

The mate testifies that an hour or two before this work commenced he examined the tackle falls and that they were in perfect condition. The foreman of the stevedore's gang, who handled these falls, also testified that he examined them immediately before using and saw nothing out of order. From the length and size of this ratline, however, it could not fail to be seen, upon any real examination, that it was no part of the tackle. The testimony further shows that the ratline was smaller in size and of less strands than any ratline that belonged to the ship or was in use by the seamen; and that the stevedores occasionally used such ratlines, although several of them testified that none such was used that morning.

In this state of the evidence I do not see how fault can be charged upon the ship. The only rational inference is that the ratline became accidentally attached to the rope by some inadvertence unknown, that it was not probably attached to the rope when the offi-

cer examined the falls two hours before, and possibly not even when the stevedore's man examined it immediately before commencing to hoist, but possibly by some inadvertence during the hoisting. The burden of proof to show negligence or fault of the ship is upon the libelant. This has not been shown. There is no presumption that the ratline got around the Manilla rope through the ship's agency rather than through the agency of the stevedores themselves; while the character of the rope itself would indicate that it came much more probably from the latter than from the former.

The libel is dismissed without costs.